IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NEALON LIVERPOOL, :
11180-007 :
USP LEWISBURG :
U.S. PENITENTIARY :
P.O. BOX 1000 :
LEWISBURG, PA 17837 :
 :
      Plaintiff, :
 :
v. : Civil Action No.:
 :
TERRY O'BRIEN; :
"JOHN DOES Nos. 1-10" :
and :
THE UNITED STATES OF :
AMERICA, :
 :
      Defendants. :

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Nealon Liverpool ("Liverpool"), through undersigned counsel, files this Complaint against Defendants Terry O'Brien, "John Does Nos. 1-10", and the United States of America.

### NATURE OF THE ACTION

1. Liverpool, a District of Columbia Code offender, was convicted in the District of Columbia for violating the D.C. Code. At all relevant times, Liverpool was incarcerated in the United States Penitentiary in Lee County, Virginia ("USP Lee"). Liverpool brings this action to vindicate his rights under the Eighth Amendment of the Constitution of the United States, and the Federal Tort Claims Act ("FTCA").

**JURISDICTION & VENUE**

2.  This Court has federal question jurisdiction over the matter under 28 U.S.C. § 1331. This action arises under the U.S. Supreme Court decision *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the FTCA, 28 U.S.C. § 2671, et seq.

3.  Venue is proper in this Court under 28 U.S.C. § 1391. Liverpool is a resident of the District of Columbia. All Defendants reside or work in Virginia.

**PARTIES**

4.  The Plaintiff, Nealon Liverpool, is a prisoner in the custody of the Federal Bureau of Prisons ("BOP") and was, at all times relevant to this matter, incarcerated at USP Lee. Liverpool is currently incarcerated at USP Lewisburg, located in Lewisburg, Pennsylvania. For identification purposes, the Federal Bureau of Prisons has assigned Liverpool Registration Number 11180-007.

5.  On information and belief, Defendant Terry O'Brien was at all relevant times an employee of USP Lee and/or the BOP as a Warden. At all relevant times, O'Brien was responsible for the custody and care of Liverpool and was acting under color of federal law. O'Brien is being sued in his official and individual capacities.

6.  On information and belief, "John Does Nos. 1-10" are one or more of the members of the BOP guard staff of USP Lee who were charged with the job to keep safe from harm or danger and to watch over Mr. Liverpool. The identities of "John Does Nos. 1-10" are not presently known but they are believed to be employees of the BOP at USP Lee. At all relevant times, "John Does Nos. 1-10" were acting under color of

federal law. "John Does Nos. 1-10" are being sued in their official and individual capacities.

7. On information and belief, the United States of America is a sovereign entity named herein under the FTCA.

**FACTUAL BACKGROUND**

8. Liverpool is incarcerated by order of the D.C. Superior Court for offenses under the D.C. Code. In 2001, by order of Congress, the D.C. prison complex in Lorton, Virginia was closed and all inmates were transferred to the authority of the Federal Bureau of Prisons, which is authorized to house D.C. Code offenders in any facility in the country. The Bureau of Prisons placed Liverpool in USP Lee, where the actions giving rise to this Complaint occurred.

9. On August 25, 2006, at approximately 6:00 p.m., Mr. Nealon Liverpool was walking in the courtyard at USP Lee, Jonesville, VA, when he was severely injured.

10. He sustained a vicious, heinous, unprovoked and brutal attack by a fellow inmate, Mr. Binion. Mr. Liverpool was cut two times, on the left side of his face and across his right cheek with a razor blade or box-cutter type of instrument.

11. The weapon had tape at the end so that inmate Binion could hold it. The cuts were so deep that each required 30 or more stitches to close them. The on-call prison physician was unable to close the deep cuts to the left side of Mr. Liverpool's face.

12. Consequently, Mr. Liverpool was transported to an outside hospital for treatment.

13. Liverpool was slashed on the right and left sides of his face by inmate Binion; he immediately experienced excruciating pain to both sides of his face. He also

felt a burning fire like sensation as blood was profusely pouring from his face. Mr. Liverpool tried to apply pressure to his face to stop the bleeding. He was taken to the infirmary and the facility nurse attempted to bandage the wounds but blood continued to pour from his face. The doctor on-call was paged to the facility.

14. It took the facility doctor between 2 to 3 hours to arrive at the prison. While Liverpool waited for medical attention he suffered with a lot of pain.

15. The facility physician was able to close the wound on the right side of the face. However, the left side could not be closed.

16. The left side of the face developed an expansile hematoma. It appeared too much more of a challenge to close than the right side so they opened the wound back up and noted the left side of his face to be swelling and oozing blood that appeared to be a venous bleed, which caused Mr. Liverpool to be taken to Wellmont Holston Valley Medical Center.

17. Upon arrival at Wellmont-Holston Valley Medical Center, Liverpool's chief complaint was left side pain and facial laceration with expansile hematoma. His injuries required that he undergo emergency surgery.

18. The surgery required that he have complex closure with interrupted absorbable sutures used to close the deep layer and the subcutaneous layer and a meticulous layer with nylon to close the skin. There was difficulty testing the facial nerve due to the expansile nature of the hematoma and swelling on the side of his face.

19. As a result of the incident Mr. Liverpool sustained severe facial injuries. He still suffers with pain but it is at a manageable level, there is possible nerve damage

because Mr. Liverpool experiences, on occasions, numbness and a twitching sensation where he was cut.

20. Mr. Liverpool injuries were severe and have resulted in permanent scares on his face.

21. Liverpool suffered mental anguish and continues to suffer with psychological problems including anxiety and depression.

## COUNT I – WARDEN O'BRIEN

**EIGHTH AMENDMENT VIOLATION UNDER *BIVENS v. SIX UNKNOWN NAMED AGENTS OF FEDERAL BUREAU OF NARCOTICS*, 403 U.S. 388 (1971).**

22. Liverpool incorporated by reference the allegations of paragraphs 1 through 21, above, as though fully set forth herein.

23. During the course of Liverpool's incarceration, he has, at all relevant times, been in the custody and under the care of Warden O'Brien.

24. At all relevant times, inmate Binion's possessions of the dangerous razor blade or box-cutter type of instrument were deliberately ignored by Defendant O'Brien.

25. Defendant O'Brien was aware that the places at USP Lee where inmate Binion could have obtained access to the weapon were the hobby craft shop or the BOP's CMS or maintenance shop. However, strict control over tools used by inmate Binion was not followed which showed a deliberate indifference to Liverpool's safety.

26. Defendant O'Brien was aware or should have been aware that inmate Binion would attack another inmate with the a razor blade or box-cutter type of instrument because months earlier inmate Binion was found by staff to possess a razor/edged blade or box-cutter type of instrument, an identical weapon, exactly like the one used to attack Liverpool.

27. With deliberate indifference to Liverpool's safety Defendant O'Brien did not have his staff maintain a thorough and complete count of tools used by Binion. Defendant O'Brien failed to protect Liverpool and allowed Binion to have this weapon in the facility by not following prison tool control policies.

28. Defendant O'Brien failed to routinely monitor assault-plagued areas.

29. The acts and omissions of Defendant O'Brien were sufficiently serious to constitute a violation of Liverpool's constitutional rights under the Eighth Amendment.

30. As a direct result of Defendant O'Brien's deliberate indifference to Liverpool's safety, Liverpool was slashed on the right and left sides of his face by inmate Binion; he immediately experienced excruciating pain to both sides of his face.

31. Defendant O'Brien's actions show a callous disregard for Liverpool's right to be free from cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

### COUNT II – "JOHN DOES NOS. 1-10"
### EIGHTH AMENDMENT VIOLATION UNDER *BIVENS v. SIX UNKNOWN NAMED AGENTS OF FEDERAL BUREAU OF NARCOTICS*, 403 U.S. 388 (1971).

32. Liverpool incorporates by reference the allegations of paragraphs 1 through 21, above, as though fully set forth herein.

33. During the course of Liverpool's incarceration, he has at all relevant times been guarded by "John Does Nos. 1-10".

34. Defendants "John Does Nos. 1-10" failed to keep count and maintain control over dangerous weapons in the facility and they failed to follow prison tool control policies.

35. With deliberate indifferences to Liverpool's safety Defendants "John Does Nos. 1-10" permitted inmate Binion access to the weapon used in the assault on Mr. Liverpool. The places at USP Lee where inmate Binion could have obtained access to the weapon were the hobby craft shop or the B.O.P's CMS or maintenance shop.

36. Defendants "John Does Nos. 1-10" observed the assault on Liverpool without intervening in a timely fashion, and by failing to routinely monitor assault-plagued areas.

37. The acts and omissions of Defendants "John Does Nos. 1-10" were sufficiently serious to constitute a constitutional violation of Liverpool's rights under the Eighth Amendment.

38. At all relevant times, inmate Binion's possessions of the dangerous razor blade or box-cutter type of instrument were deliberately ignored by Defendant "John Does Nos. 1-10".

39. Defendants "John Does Nos. 1-10" were personally involved in guarding Liverpool and they were aware that Binion was known to obtain access to the dangerous weapon, e.g., razor blade or box-cutter type of instrument.

40. As a direct result of Defendants "John Does Nos. 1-10" deliberate indifference to Liverpool's safety, Liverpool was slashed on the right and left sides of his face by inmate Binion, he immediately experienced excruciating pain to both sides of his face. Liverpool experienced severe physical and psychological pain and suffering.

41.     Defendants "John Does Nos. 1-10" actions show a callous disregard for Liverpool's right to be free from cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

### COUNT III – THE UNITED STATES OF AMERICA

### NEGLIGENCE, AND/OR WRONGFUL ACTS OR OMISSIONS OF GOVERNMENT EMPLOYEE(S) UNDER THE FEDERAL TOR CLAIMS ACT

42.     Liverpool incorporates by reference the allegations of paragraphs 1 through 21, above, as though fully set forth herein.

43.     Liverpool has complied with the FTCA's exhaustion requirement. Liverpool filed an administrative torts claim with the BOP on or about April 23, 2008. (See Ex. A.)

44.     During the course of Liverpool's incarceration at USP Lee, Liverpool was at all relevant times in the custody and under the exclusive care, safety and guarded by individual agents, servants and/or employees of the United States of America, including, but not limited to, the following individuals: Warden Terry O'Brien and "John Does Nos. 1-10".

45.     At all relevant times, Warden O'Brien and "John Does Nos. 1-10" were acting within the scope of their employment as United States employees.

46.     During the course of Liverpool's incarceration at USP Lee, Warden O'Brien and "John Does Nos. 1-10", as individual agents, servants and/or employees of the United States of America owed Liverpool a duty of ordinary diligence.

8

47. During the course of Liverpool's incarceration at USP Lee, Warden O'Brien and "John Does Nos. 1-10" negligently breached the duty of ordinary diligence owed to Liverpool.

48. The negligent breach of duty by Warden Terry O'Brien and "John Does Nos. 1-10" was a proximate cause of Liverpool's injuries.

49. The damages that Liverpool has suffered are the result of the physical and emotional harm caused by Warden Terry O'Brien and/or "John Does Nos. 1-10".

50. At all relevant times herein mentioned, the United States of America, by its agents, servants, and/or employees, negligently, carelessly and unskillfully failed to protect Liverpool from attack by Binion which led to him sustaining serious facial injuries.

51. Because of the negligence, and/or wrongful acts or omissions of the employees of the United States of America mentioned herein, Liverpool experienced severe physical and emotional pain and suffering; possible nerve damage because Liverpool experiences, on occasions, numbness and a twitching sensation where he was cut.

52. Liverpool now has permanent scares on both sides of his face. However had USP Lee taken proper and preventative measures when inmate Binion was previously discovered to be in possession of a deadly weapon, a razor/box cutter instrument then this attack probably would not have occurred.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Liverpool demands judgment against Defendants as follows:

1. A judgment for compensatory damages as to Counts I, II, and III in the amount of $650,000;

2. A judgment for punitive damages as to Counts I, II, and III.

3. The costs of this suit, including reasonable attorneys' fees; and

4. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

_/s/ Deborah D. Wright_
Deborah D. Wright 429549
Law Offices
P.O. Box 34314
Washington, DC  20043
202.251-0677
dwright@attg.net

Dated:  August 22, 2008            Counsel for Plaintiff Nealon Liverpool

Exhibit A

**U.S. Department of Justice**

Federal Bureau of Prisons

*Beckley Consolidated Legal Center*

*1600 Industrial Park Road, P.O. Box 1280*
*Beaver, West Virginia 25813*

May 16, 2008

Deborah D. Wright
Attorney At Law
PO Box 34314
Washington, DC 20043

Re:   Tort Claim No. TRT-MXR-2008-03002
      Nealon Liverpool

Dear Ms. Wright:

The above referenced claim has been considered for administrative settlement under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et. seq.*, and authority granted under 28 C.F.R. § 0.172. Mr. Liverpool claims government liability in the amount of $650,000 for personal injury that occurred on August 25, 2006. Specifically, he contends he was assaulted by another inmate at USP Lee County resulting in facial injuries and disfiguration.

On August 25, 2006, at approximately 6:15 p.m., Mr. Liverpool was assaulted by another inmate at USP Lee County with a razor blade type weapon. While it is unfortunate that Mr. Liverpool was assaulted, there is no evidence that any act or omission of a government employee was a factor in the personal injury. Accordingly, the claim is denied. This is a final denial of the claim. If dissatisfied with this determination, Mr. Liverpool has six months from the date of this letter to bring suit in an appropriate United States District Court, should he wish to do so.

Sincerely,

Debbie Stevens
Supervisory Attorney

for:

Michelle T. Fuseyamore
Regional Counsel

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I. (a) PLAINTIFFS
NEALON LIVERPOOL

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___88888___
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Deborah D. Wright
Law Office of Deborah D. Wright
P.O. Box 34314
Washington, DC 20043
202 251-0677

## DEFENDANTS
TERRY O'BRIEN, "JOHN DOES NOS. 1-10", and THE UNITED STATES OF AMERICA

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___Jonesville, VA___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:08-cv-01459
Assigned To : Bates, John D.
Assign. Date : 8/22/2008
Description: General Civil

**JURY ACTION**

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
⊗ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
⊛ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☒ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A.** *Antitrust*
☐ 410 Antitrust

○ **B.** *Personal Injury/Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☒ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

⊙ **E.** *General Civil (Other)*   OR   ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☒ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

3

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊗ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
This action arises under the U.S. Supreme Court decision Bivens v. Six Unknown Named Agents of Federal Bureau of Nar, and FTCA, 28 U.S.C. @ 2671

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 650,000.00   JURY DEMAND: YES ☒ NO ☐   Check YES only if demanded in complaint

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

DATE 08/22/2008   SIGNATURE OF ATTORNEY OF RECORD [signature]

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.